IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIE BAKER,

    Petitioner,

v.                                        CASE NO. 4:06-cv-00514-RH-AK

JAMES MCDONOUGH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Willie Baker.[1]  Respondent has filed his response, Doc. 9, and Petitioner has filed a reply.  Doc. 12.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court recommends that habeas relief be denied.

## BACKGROUND

Petitioner Willie James Baker was charged with committing a sexual act upon a child under the age of sixteen "by oral, anal, or vaginal penetration by or union with the sexual organ of another" in violation of Fla. Stat. Ann. § 800.04(3).  Doc. 9, App. at Ex. A.[2]  At the time, Petitioner was the child's brother-in-law, and the child was residing in Petitioner's home.

---

[1]This case was administratively reassigned to the undersigned on September 7, 2007. Doc. 13.

[2]By separate order, the Court sealed the exhibits because some of them referred to the child, who was a minor at the time of trial, by her full name.  *See* Doc. 19.

Before trial began, defense counsel advised the court that he intended "to show that this victim has engaged in a consistent pattern over the years of accusing males who are in a custodial relationship with her or family members of having had sex with her." Doc. 9, App. at Ex. B. Counsel explained: "I think that goes to her credibility as a witness and I think we are entitled to present testimony that she has made these same kinds of accusations, a clear pattern, over the years of accusing various family members that she was living with of having had sex with her." *Id*. Counsel argued that he intended to "inquire as to whether or not she made the accusations without going into any discussion of what did or didn't occur there." *Id*. The court reserved ruling to allow counsel to make the proffer at the appropriate time. *Id*.

The child testified first, stating that while her sister was away from the house, Petitioner "out of the blue, just came out touching me, feeling on me" and then "took me in their room and he had sex with me with a condom." *Id*. According to the child, Petitioner kissed her "all over [her] neck" and "was feeling all on [her] breasts and all between [her] legs and stuff." *Id*. Upon direct questioning from the prosecutor, the child testified that Petitioner "put his penis inside [her] vagina[.]" *Id*. The child also testified that on another occasion, Petitioner "touched [her] again," kissed her and felt her "personal thing," but she "wouldn't let him [try to do it again]." *Id*.

Counsel then proffered cross-examination of the child which established that on one or more occasions she had falsely accused a male family member or caretaker of having sex with her. *Id*. Counsel had no case law to support his argument regarding the admissibility of this evidence, and the court found that the rule is "the only thing you are allowed to do is the general reputation in the community [for truthfulness] and not specific instances" and refused "to allow

it to go to the jury." *Id.*

The investigating officer also testified, and during his testimony, an oral statement given by Petitioner post-*Miranda* was played for the jury, which, in pertinent part, related:

| | |
|---|---|
| INVESTIGATOR HAIRE: | Willie, there was an abuse report that came in to us from the Department of Protective Services and the abuse report said that DA, we will call her... |

\* \* \*

| | |
|---|---|
| | That DA had said that you had forced her to have sexual intercourse with you two times. Is this true? |
| MR. BAKER: | Yes. |
| INVESTIGATOR HAIRE: | It is true? |
| MR. BAKER: | We started off playing around and it led to other things. And it led around to it. But, didn't nothing happen. I couldn't do it.[3] |

\* \* \*

| | |
|---|---|
| INVESTIGATOR HAIRE: | Start from the beginning and tell me what all happened. |
| MR. BAKER: | Well, we started playing around with one another and one thing led to another. And it got down to where I tried to have sex with her. I couldn't. I couldn't do it. |
| INVESTIGATOR HAIRE: | Did you touch her on her breast? |
| MR. BAKER: | No. Maybe around her waist and on her shoulder and stuff like that. |

---

[3]This portion of the tape was replayed during closing arguments, and the transcript of the recording is slightly different, indicating that Petitioner's answer to the officer's question, "It is true?" was "Yes. We started off playing around and it led to other stuff." *Id.*

*Case No: 4:06-cv-00514-RH-AK*

INVESTIGATOR HAIRE:   Okay. Did you touch her on her legs or her behind or between her legs?

MR. BAKER:   No.

INVESTIGATOR HAIRE:   Did you take her clothes off?

MR. BAKER:   No. She already pulled them down.

\* \* \*

INVESTIGATOR HAIRE:   But, because of your condition, you said you weren't able to have sex?

MR. BAKER:   I wasn't able.

\* \* \*

INVESTIGATOR HAIRE:   Had you ever had sex with her?

MR. BAKER:   Yes.

INVESTIGATOR HAIRE:   Now, she...mentioned two times. Was there a second time?

MR. BAKER:   No.

\* \* \*

INVESTIGATOR HAIRE:   The only time that you attempted to have sex with her was this one time in your house?

MR. BAKER: That's right.

\* \* \*

INVESTIGATOR HAIRE:   And you are telling me the truth, that this only happened one time?

MR. BAKER: Yes, sir.

\* \* \*

| | |
|---|---|
| INVESTIGATOR HAIRE: | When you were playing around with DA that day, did you inted for something like that to happen? |
| MR. BAKER: | No. |
| INVESTIGATOR HAIRE: | Did it just get out of hand or what? |
| MR. BAKER: | It did. I would say it got out of hand, just got out of hand. |

* * *

| | |
|---|---|
| INVESTIGATOR HAIRE: | And is everything that you told me here today been the truth, the whole truth, nothing but the truth? |
| MR. BAKER: | It's the truth. |

*Id*.[4]

The State rested, and defense counsel proffered the testimony of others to show that in the past, the child had falsely accused other men of having sex with her. *Id*. The court continued to agree with the State, however, that the "only proper attack upon veracity would be to general reputation." *Id*. Each of Petitioner's witnesses unequivocally stated that the child's reputation in the community for truthfulness was bad. *Id*. Petitioner did not testify.

The court instructed the jury on both the substantive offense of sexual act with a child under the age of sixteen and the lesser included offense of attempted sexual act with a child under the age of sixteen. Doc. 9, App. at Ex. A. The jury convicted Petitioner of the substantive offense, and he was sentenced to nine years imprisonment. *Id*.

Petitioner appealed, arguing that the trial court "erred in denying his proffered evidence that the victim had falsely accused others of sexual crimes against her in the past." *Baker v.*

---

[4]There is no issue regarding the voluntariness of this statement. *See* Doc. 1 at 4A.

*State*, 804 So.2d 564, 564-65 (Fla. Dist. Ct. App. 2002). The court affirmed, stating, "Because the undisputed evidence in the record establishes that [Petitioner] admitted having sex with the victim, we find any such error would be harmless beyond a reasonable doubt...." *Id*. at 565. The court explained:

> [Petitioner's] defense was not that sexual contact did not occur. Rather, his defense appears to be that, while he tried to have sexual intercourse with the victim, he could not consummate the act. However...penetration is not necessary because the charged crime occurs upon "union" or touching. Further, [Petitioner] never argued to the jury that he was guilty only of an attempted lewd and lascivious act. Thus, while the exclusion of the evidence of the victim's past false accusations of sexual crimes might have constituted reversible error if [Petitioner] had denied the charged sexual contact, where the defendant has admitted the criminal act, whether the victim has falsely accused others in the past is of no moment under the record before us.

*Id*. at 567-68.

Thereafter, Petitioner filed a motion for post-conviction relief in state court, arguing that based on newly discovered evidence, namely, a recantation from the child, he was actually innocent. Doc. 9, App. at Ex. G. The court appointed counsel to represent Petitioner and later held a hearing on the post-conviction motion. At the hearing, the child testified that although she had testified at trial that Petitioner had sex with her, "he didn't have sex with me...and at that time I was kind of mad...because I was young...and everything like that. So, you know...he didn't do it." Doc. 9, App. at Ex. H.

> The court denied the motion, finding:
>
> [D.A.], when questioned regarding her affidavit, could not remember whom she spoke to about preparing the affidavit nor who, in fact did prepare the affidavit. [D.A.] further testified that she did not read the affidavit, but just signed it.
>
> While [D.A.'s] alleged affidavit may constitute newly discovered evidence, such affidavit is conclusively refuted by the record. The affidavit contradicts

> Defendant's admission that he had sex with [D.A.].
>
> [D.A.'s] trial testimony is corroborated by Defendant's admission of the same.
>
> The most credible statement of [D.A.] was when she testified that she told [Judy Hall of the Public Defender's Office] that Defendant did not have sex with her because she just wanted to let it go because she was young and her sister needed her husband, the Defendant.

Doc. 9, App. at Ex. G.

Petitioner appealed on one ground: "Whether the trial court erred by not granting the appellant a new trial based on newly discovered evidence, where evidence was material and would probably produce an acquittal on retrial, in violation of the appellant's Fifth and Fourteenth Amendment rights to the U.S. Constitution." Doc. 9, App. at Ex. J. The court affirmed. *Baker v. State*, 939 So.2d 1062 (Fla. Dist. Ct. App. 2006).

The instant petition followed. On this occasion, Petitioner raises two claims. First, he charges that he was denied due process "when the state court concluded that the exclusion of the evidence of the victim's past false accusations of sexual crimes might have constituted reversible error if the Petitioner had denied the charged sexual contact, where his alleged lack of denial of the charge was based on an equivocal statement admitting his culpability, produced in violation of his right [against] self-incrimination." Doc. 1 at 4A. Second, he claims that the state court erred "by not granting the Petitioner a new trial based on the recantation testimony of the victim, where the victim's recantation testimony shows that the Petitioner is actually innocent of the charged offense." *Id*. at 4B.

Each will be discussed in turn.

## DISCUSSION

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

>   (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal

habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations.  *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)).  To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845.  In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c).  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

1. Exclusion of victim's past allegations.

In this claim, Petitioner charges that the state court erred in denying his "proffered evidence that the victim had previously falsely accused others of sexual crimes against her." Doc. 1 at 4A. In his view, this evidentiary ruling constituted a violation of due process because "when state courts do not follow laws created by the State, the result is a violation of due process." *Id*. He also maintains that he was "tricked and misled into admitting his culpability," and although he "is not alleging his statement was not given voluntarily," he charges that his statement "was given through a misunderstanding of the questions asked by the investigator." *Id*. According to Petitioner, he "did in fact 'deny the charged sexual contact'" when he entered his not guilty plea.[5] *Id*.

"As a general rule, a federal court in a habeas corpus case will not review the trial court's actions concerning the admissibility of evidence," *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir. 1994), since the state court "has wide discretion in determining whether to admit evidence at trial, and may exclude material evidence when there is a compelling reason to do so." *Lynd v. Terry*, 470 F.3d 1308, 1314 (11th Cir. 2006); *see also Baxter v. Thomas*, 45 F.3d 1501, 1509 (11th Cir. 1985) (federal habeas corpus is not vehicle to correct evidentiary rulings); *Boykins v. Wainwright*, 737 F.2d 1539, 1543 (11th

---

[5]In his reply, Petitioner denies that he has raised any claims besides one, i.e., that the state court's conclusion that the "'exclusion of the evidence of the victim's past false accusations of sexual crimes might have constituted reversible error if the petitioner had denied the charged sexual contact.'" Doc. 12 at 9. He maintains that these other issues are "not claims that ha[ve] to be presented to the state court because they are not claims at all, but supporting facts contained in the 'record.'" *Id*.

Cir. 1984) (federal courts are not empowered to correct erroneous evidentiary rulings in state court except where rulings deny petitioner fundamental constitutional protections). However, where the petitioner claims that the state court's evidentiary ruling deprived him of due process, the habeas court asks only whether the error was of such magnitude as to deny the petitioner his right to a fair trial, i.e., whether the error "was material as regards a critical, highly significant factor." *Alderman*, 22F.3d at 1555; *see also Kight v. Singletary*, 50 F.3d 1539, 1546 (11th Cir. 1995) (state court evidentiary rulings reviewed only to determine whether error was of such magnitude as to deny petitioner right to fair trial).

While this Court believes that the state court may have erred in refusing to admit evidence of specific instances in which the child had falsely accused others of improper sexual conduct, *see* Fla. R. Evid. 90.404(b) & 90.405, the Court does not believe the alleged error denied Petitioner a fair trial. As the state court pointed out, Petitioner, after being *Mirandized*, admitted improper sexual contact in his statement to the investigating officer. Although the initial admission was, as the dissent in *Baker* noted, ambiguous,[6] *Baker*, 804 So.2d at 569 n.2, his later admissions (1) that he "tried to have sex with her" and (2) that the only reason he did not have sex with her was because he "couldn't," are not in the least equivocal. At the very least, Petitioner admitted an attempt to commit the

---

[6]The phrasing of the officer's first question--"the abuse report said that DA...had said that you had forced her to have sexual intercourse with you two times. Is this true?"–is ambiguous because the antecedent of "this" is unclear. Was the officer asking Petitioner if the child had made allegations of sexual contact against him, or was he asking Petitioner if he was guilty of the child's charges?

substantive offense of having sex with an underage child, but the jury was certainly entitled to take Petitioner's statement that he "tried to have sex with her" as showing more than an attempt.  To convict Petitioner of the substantive offense, the jury was not required to find penetration but only that the "sexual organ of defendant...had union with the anus, vagina, or mouth" of the child.  Doc. 9, App. at B.  A jury does not abandon its common sense at the courthouse door, and thus, the jury was perfectly within its province to conclude that implicit in Petitioner's admission that he "tried to have sex" with the child was physical "'contact with the relevant portion of [her] anatomy....'"  *Baker*, 804 So.2d at 566.

Petitioner never presented the issues of trickery or misunderstanding to the state court or otherwise argued to the state court that his statement should have been excluded because he pled not guilty to the charges.  Though Petitioner denies that these are "issues at all," Doc. 12 at 16, the Court believes it prudent to address them nonetheless.  Because Petitioner may not now return to state court with these issues, this Court cannot review these particular allegations unless Petitioner can demonstrate cause for not presenting the allegations to the state court and actual prejudice as a result of an alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.  Petitioner does not attempt to meet the cause and prejudice standards but argues instead that because "the jury was precluded from hearing evidence that showed the victim had the propensity to falsely accuse family members of having sexual contact with her" and because the victim later recanted her trial testimony, there has been a miscarriage of justice.  This Court disagrees.  Despite his

protestations to the contrary now, Petitioner readily and, in this Court's view, unequivocally admitted that he "tried to have sex" with the child. This simple admission by Petitioner himself undermines the credibility of the child's recantation and prevents any error in refusing the admission of the child's past false accusations from rising to the level of a miscarriage of justice.

      2.      The child's post-trial recantation.

In this claim, Petitioner charges that his Fourteenth Amendment right to due process was denied when the state court denied him post-conviction relief since the child's recantation of her trial testimony establishes Petitioner's actual innocence. Doc. 1 at 4B. Having carefully considered the matter, the Court finds that this claim is either without merit or foreclosed from consideration.

After an evidentiary hearing, the state court found the child's recantation not to be credible and to conflict with Petitioner's own admissions. These findings of fact are entitled to a presumption of correctness unless Petitioner overcomes them by clear and convincing evidence. He has failed in that regard. However, even if the child did lie at trial, Petitioner's own words that he "tried to have sex" with the child were sufficient to convict him, and nothing in the child's recantation changes this admission. Further, "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *see also House v. Bell*, ____ U.S. ____, 126 S.Ct. 2064, 2086-87, 165 L.Ed 2d 1 (2006) (declining to find that freestanding innocence claims are cognizable in

habeas corpus proceeding).  Thus, the recantation of testimony cannot form the basis for habeas relief.  *Brownlee v. Haley*, 306 F.3d 1043, 1064-65 (11th Cir. 2002).

## CONCLUSION

Having carefully considered the matter, the Court finds that neither of Petitioner's claims is well taken, and therefore, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *27th* day of November, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.